SUMMARY ORDER
Defendant Avile was convicted, following a guilty plea, of one count of conspiring to distribute heroin, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; one count of distributing heroin, see id. § 841(a)(1), (b)(1)(A); and one count of carrying, brandishing, and possessing a firearm during and in relation to the heroin trafficking offenses, see 18 U.S.C. § 924(c)(l)(A)(ii),[2] and was sentenced principally to concurrent terms of 131 months’ imprisonment on the heroin-distribution counts and a consecutive term of 84 months’ imprisonment on the § 924(c)(l)(A)(ii) count. On appeal, Avile contends that his rights under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., were violated by the inclusion of the § 924(c)(l)(A)(ii) count of conviction in a superseding indictment filed on October 31, 2006, more than a year after a complaint charged Avile with possession of a firearm during a drug offense, see id. § 924(c) (1) (A) (i). We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
1. Speedy Trial Claim
Avile’s Speedy Trial Act claim fails in light of his guilty plea. “A knowing and voluntary guilty plea waives all nonjurisdictional defects in the prior proceedings,” including a claimed speedy trial violation, “unless the defendant specifically reserves the right to appeal” the issue in writing, having obtained “approval of the court and the consent of the government.” United States v. Coffin, 76 F.3d 494, 496-97 (2d Cir.1996). Because Avile made no such reservation of his speedy trial claim and does not challenge the validity of his plea, we deem this claim waived.
2. Sentencing Remand
The government, on its own initiative, notes that the 84-month consecutive sentence imposed under 18 U.S.C. § 924(c)(1)CA)(ii) was inconsistent with our *662 recent decision in United States v. Williams, 558 F.3d 166 (2d Cir.2009), and consents to remand for resentencing. We therefore remand for that purpose.
3. Conclusion
For the foregoing reasons, the judgment of conviction is AFFIRMED in part, and the case is REMANDED for resentencing in light of United States v. Williams, 558 F.3d 166 (2d Cir.2009).

. The judgment references subsection (i) of 18 U.S.C. § 924(c)(1)(A), but it is apparent from the record that subsection (ii), which addresses the ''brandish[ing]” of a firearm and imposes a seven-year mandatory minimum sentence, was the provision at issue here. See Plea Tr. at 20-22 (noting brandishing element); Sentencing Tr. at 4, 13 (referring to “7-year mandatory minimum” and imposing such a sentence). On remand and after providing any notice it considers appropriate, the district court may amend the written judgment as permitted by Fed.R.Crim.P. 36.